

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,224-01

### EX PARTE DELVIN CHASE MIMS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR15364-A IN THE 220th DISTRICT COURT
### FROM BOSQUE COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of delivery of a controlled substance and sentenced to eighteen months in state jail. He did not appeal his conviction. Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).

Applicant alleges a violation of due process, a violation of the Confrontation Clause, and failure by the State to disclose exculpatory evidence to the defense. The habeas record contains findings of fact and conclusions of law recommending relief be denied after the trial court held a live evidentiary hearing. However, the habeas record contains no transcript of that hearing, and the

efforts of this Court's clerk's office, via telephone with the Bosque County District Clerk, to have a copy of the transcript forwarded so that it may be included in the habeas record have been unsuccessful.[1]

This application will be held in abeyance until the trial court has ordered the court reporter to prepare a transcript of the evidentiary hearing, and the district clerk has been ordered to forward the transcript. A copy of the transcript shall be forwarded to this Court within 20 days of this order. No extensions of time will be granted.

Filed: June 13, 2018
Do not publish

---

[1] The district clerk maintains that she has no duty to obtain and forward the hearing transcript in this case.